22351

James E. TERPIN, d/b/a Jim's Fireworks, Appellant, v. DARLINGTON COUNTY COUNCIL; James L. White, Darlington County Manager; and G. Clyde Dudley, Darlington County Sheriff, Respondents.

(332 S. E. (2d) 771)

Supreme Court

*Betty J. Gambrell Cobb* of *King & Cobb,* and *Kenneth A. Richstad,* Columbia, *for appellant.*

*Daniel B. Causey, III,* Darlington, *for respondents.*

Heard June 3, 1985.

Decided July 9, 1985.

HARWELL, Justice:

The appellant James E. Terpin, d/b/a Jim's Fireworks, initiated this declaratory judgment action against the respondent Darlington County Council to determine the validity of a county ordinance regulating the sale of fireworks.

The trial court upheld the ordinance, and we reverse.

The ordinance generally prohibits the sale, possession, or discharge of fireworks within a one mile radius of the Darlington International Raceway during any period extending from 24 hours before an event to 24 hours thereafter. It establishes a penalty of a $500 fine or 30 days imprisonment for violation of the ordinance and classifies the offense as a misdemeanor.

The appellant contends that the county lacks authority under the home rule system to enact a fireworks ordinance containing penalty provisions. We agree.

Article VIII, § 7 of our Constitution provides that the General Assembly shall provide by general law for the "structure, organization, powers, duties, functions and responsibilities of counties ..." Article VIII, § 17 states that the constitution and laws concerning local government shall be liberally construed in their favor. Powers shall include those fairly implied and not prohibited by the Constitution. Article VIII was intended to return county government to a local level. *Duncan v. York,* 267 S. C. 327, 228 S. E. (2d) 92 (1976).

Pursuant to the mandate of Article VIII, § 7, the legislature passed Act No. 283 in 1975, codified as S. C. Code Ann. §§ 4-9-10 *et. seq.* (1976), as amended. Section 4-9-30 provides: "... (E)ach county government within the authority granted by the constitution and subject to the general law of this State shall have the following enumerated powers...." The powers include adopting a corporate seal; acquiring real property; entering contracts; exercising the power of eminent domain; assessing property and levying ad valorem taxes; establishing agencies and accounting systems; land use planning; establishing procedures for revenue and general obligation bonds; granting franchises; levying business license taxes; participating in multicounty projects; clearing slums; conducting advisory referenda; regulating solicitations; prosecuting noisy businesses; and exercising "other powers as may be authorized for counties by the general law" (Subsection 17 of § 4-9-30).

Subsection 14 of § 4-9-30 provides that counties may "enact ordinances for the implementation and enforcement of the powers granted in this section and provide penalties for

violation thereof not to exceed the penalty jurisdiction of magistrates' courts .., *No ordinance including penalty provisions shall be enacted with regard to matters provided for by the general law, except as specifically authorized by such general law."* (emphasis added).

The General Assembly has created an extensive system for controlling the possession, sale, storage, and use of fireworks in South Carolina. S. C. Code Ann. §§ 23-35-10 *et seq.* (1976), as amended. This legislation defines the permissible classes of fireworks. It requires retailers and others to obtain state and municipal licenses. Issuance of a county license is allowed after inspection of the premises by the county sheriff. § 23-35-70(3). The Code also establishes the proper manner of storage of fireworks and prohibits sales to minors. It prohibits explosions near churches, hospitals, schools, motor vehicles, and locations where fireworks are stored. Section 23-35-160 forbids the sale or use of most fireworks in counties with populations between 205,000 and 215,000 and provides a penalty for its violation. Section 23-35-140 authorizes the State Fire Marshall[1] to issue rules and regulations, and § 23-35-150 creates penalties for violation of the Act.

The challenged ordinance has penalty provisions and concerns a matter provided for by the general law. Nowhere does the general law on fireworks provide for enactment of regulatory ordinances by counties. The ordinance is thus invalid. The respondent contends that the county acted within its police power and that the ordinance is valid so long as it does not conflict with provisions of the general law. We disagree; we are bound by the express terms of § 4-9-30(14).

It is unnecessary to address the alleged errors relating to the penalty provisions of the ordinance.

The judgment below is, accordingly,

Reversed.

LITTLEJOHN, C. J., NESS and GREGORY, JJ., and ERNEST A. FINNEY, Jr., Acting Associate Justice, concur.

---

[1] Code § 40-56-20 (1984) provides that the State Board of Pyrotechnic Safety shall promulgate the regulations. *See* Budget and Control Bd. R. 19-405 *et seq.*